IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APRIL SCARLOTT, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-2742 |
| § | | |
| OCWEN LOAN SERVICING, LLC, § | | |
| *et al.*, § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

This foreclosure case is before the Court on Plaintiff April Scarlott's ("Scarlott" or "Plaintiff") Motion for Remand to State Court [Doc. # 8]. Also before the Court is the Motion to Dismiss [Doc. # 14] of Defendant AVT Title Services, LLC ("AVT"). These motions are ripe for consideration.[1] Having considered the parties' briefing and the applicable legal authorities, the Court **denies** Scarlott's Motion to Remand and **grants** AVT's Motion to Dismiss.

### **I.    BACKGROUND**

---

[1] Defendants Ocwen and Deutsche Bank filed a Response to the Motion to Remand [Doc. # 11] and Scarlott filed a Supplement to her motion [Doc. # 12]. Scarlott filed a Response to AVT's Motion to Dismiss [Doc. # 15], to which AVT filed a Reply [Doc. # 17].

In 1999, Scarlott purchased a home located at 4738 Cavern Dr., Friendswood, Texas, 77546 (the "Property").  Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction [Doc. # 1-2] ("Complaint"), ¶¶ 9-10.  Defendant AVT was Plaintiff's title insurer on the Property.  Motion to Remand [Doc. # 8], ¶ 8.[2]  Fourteen years later, on June 1, 2013, Scarlott received a notice of acceleration and notice of sale regarding the Property.  *Id.*, ¶ 14.

Scarlott filed this lawsuit in the 11th Judicial District Court of Harris County, Texas, on August 30, 2013, alleging that Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Deutsche Bank National Trust Company, as Trustee, in trust for registered holders of ABFC 2005-AQ1 Trust, Asset-Backed Certificates, Series 2005-AQ1 ("Deutsche Bank"), and AVT improperly initiated the 2013 foreclosure proceedings on the Property.  Among other things, Scarlott asserts claims of defective notice regarding the foreclosure, trespass to try title, suit to quiet title, fraud, and breach of fiduciary duty, all apparently arising from assignments of Scarlott's mortgage on the Property and the attempted foreclosure in 2013.  *See id.*, ¶¶ 34-76.

---

[2]Because Plaintiff has not had an opportunity to replead, the Court construes her briefing on the various motions, where applicable, as supplements to her Complaint.

On September 18, 2013, Defendants Ocwen and Deutsche Bank[3] timely removed this case to federal court, alleging federal subject matter jurisdiction on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and diversity of citizenship, pursuant to 28 U.S.C. § 1332. Defendant AVT filed a notice of consent to removal on November 7, 2013. *See* Doc. # 10. Ocwen and Deutsche Bank argue that non-diverse Defendant AVT has been improperly joined as a party and, as a result, should not be considered for diversity of citizenship purposes. Scarlott timely filed her Motion to Remand on October 18, 2013.

## II.   LEGAL STANDARD

### A.   Motion to Remand

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited

---

[3]Ocwen and Deutsche Bank, who together filed a Response to Scarlott's Motion to Remand, will together be referred to as "Defendants."

jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *See Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). There is no allegation of actual fraud in Scarlott's pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). The party asserting improper joinder bears a heavy burden of persuasion. *Id.* at 514. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

The district court may resolve the improper joinder issue by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law" by the non-diverse plaintiff against the defendant. *Smallwood*, 385 F.3d at 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*

Where the showing that there is no reasonable basis to predict that state law would allow recovery against the non-diverse defendant is on a basis that would necessarily demonstrate the same result for the diverse defendant, "there is no improper joinder; there is only a lawsuit lacking in merit." *Id.*, 385 F.3d at 574 (citing *Chesapeake & Ohio Ry. v. Cockrell*, 232 U.S. 146, 153 (1914)). Therefore, if the basis for finding that there is no reasonable basis for Plaintiff to recover against the non-diverse defendant is equally dispositive of the claim against all defendants, rather than of the non-diverse defendant alone, a removing defendant has not satisfied its heavy burden to demonstrate improper joinder. *Id.* at 575.

**B.     Failure to State a Claim**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the

plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.   ANALYSIS

Scarlott filed this lawsuit in Texas State Court against Ocwen, Deutsche Bank, and AVT, asserting claims of improper initiation of foreclosure proceedings, trespass to try title, suit to quite title, fraud, and breach of fiduciary duty. Among other requests, Scarlott seeks an injunction allowing her the benefit of a foreclosure review program conducted by the Office of the Comptroller of Currency ("OCC"), a declaratory judgment that Defendants do not have the authority to foreclose on the Property, and damages.

Defendants, without AVT's initial consent, removed this case on the basis of both federal question jurisdiction and diversity of citizenship. Defendants contend that "[t]his action arises under and presents substantial questions of federal law under RESPA and the FDCPA (the latter because Plaintiff asserts that [she] disputed the debt while foreclosure was pending)." Notice of Removal of Civil Action [Doc. # 1], ¶ 4. Furthermore, Defendants argue that the action arises under federal law because Plaintiff, in her Complaint, requests an injunction allowing her to submit her loan for review to the OCC. *Id.* In the alternative, Defendants assert that AVT was improperly joined and, as a result, the Court should disregard its Texas citizenship for purposes of diversity jurisdiction. *Id.*, ¶¶ 14-20.

The Court disagrees with Scarlott that Defendants' removal of this case was procedurally defective. The Court also disagrees with Defendants that the Court has federal question jurisdiction. The Court, however, agrees with Defendants that AVT was improperly joined. Accordingly, Defendants' removal on the basis of diversity jurisdiction was proper and Scarlott has failed to state a claim against AVT.

### A.     **Procedural Defect in Removal**

Scarlott contends that Defendants did not properly remove the case to this Court. Specifically, Scarlott argues that "all properly served and joined parties must consent to or join the notice of removal." Motion to Remand, ¶ 10. Here, Scarlott

asserts, Ocwen and Deutsche Bank removed the case from state court and AVT did not (at least as of the filing of Scarlott's Motion to Remand) join in the removal, thus violating the "rule of unanimity." *Id.*, ¶¶ 10, 12.

The Fifth Circuit has construed Section 1446(b) to require that all defendants that have been served join in or consent to the removal within thirty days of service of the first defendant.[4]  *Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir. 2002); *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992).  However, the "application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007); *Alonso ex. rel. Estate of Cagle v. Maytag Corp.*, 356 F. Supp. 2d 757, 760 (S.D. Tex. 2005).  Accordingly, where some defendants remove a case to federal court and fail to receive the consent of another defendant who they claim was improperly joined, there is no defect in the removal. *See Rico*, 481 F.3d at 239; *Jernigan*, 989 F.2d at 815.

Ocwen and Deutsche Bank removed the case to this Court on September 18, 2013.  In their Notice of Removal, Ocwen and Deutsche Bank specifically contend

---

[4] The Court notes that, according to the Notice of Removal, no Defendant had been served as of the removal of this case.  *See* Notice of Removal [Doc. # 1], ¶ 3.

that AVT was improperly joined as a defendant in the action.  *See* Notice of Removal [Doc. # 1], ¶¶ 14-20.  Thus, Ocwen and Deutsche Bank did not need to seek AVT's consent before removing the case, and there was no procedural defect in the removal.

### B. Federal Question Jurisdiction

Scarlott does not bring any claims under RESPA.  A plaintiff is the "master of [her] complaint and may generally allege only a state law cause of action even where a federal remedy is also available." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).  In her statement of "Background Facts," Scarlott states that on May 28, 2013, she "sent a Qualified Written Request . . . pursuant to RESPA."  But Scarlott does not currently assert any claim under RESPA or based on her Qualified Written Request.  Contrary to Defendants' contentions, nowhere in her Complaint does Scarlott allege that Defendants cannot foreclose *because* they "failed to respond to a Qualified Written Request under RESPA."  Defendants' Response [Doc. # 11], ¶ 1.

Similarly, Scarlott does not mention or cite to the FDCPA anywhere in her Complaint.  Defendants argue that Scarlott asserts a claim under the FDCPA because she "asserts that [she] disputed the debt while foreclosure was pending."  Notice of Removal [Doc. # 1], ¶ 4; Defendants' Response [Doc. # 11], ¶¶ 2, 6.  Here too, Scarlott's reference to "disputing the debt" was only stated in her "Background Facts"

section, and Scarlott does not otherwise bring a claim that relies on her having previously disputed the debt. Indeed, Scarlott states specifically that she does not seek relief under either statute. *See* Plaintiff's First Supplemental Motion for Remand to State Court [Doc. # 12], ¶ 22. Defendants cannot in these circumstances revise Scarlott's claims to create federal question jurisdiction on either basis.

Furthermore, Plaintiff's request for an injunction to allow her time to submit the foreclosure for OCC review does not establish federal question jurisdiction. While Plaintiff styles this request a "cause of action," this request is more properly classified a request for relief, not an independent claim.[5] Thus, this request cannot serve as an

---

[5] Moreover, Plaintiff herself alleges that requests for OCC "Independent Foreclosure Review" had to be submitted by December 31, 2012. Complaint, ¶ 34. Thus, there was no basis at the time of removal that the named Defendants could affect OCC review. Moreover, Scarlott's claim would not have qualified for OCC review because foreclosure proceedings against the Property were not initiated until 2013, which was after the period for which OCC review was available. *See* "What You Need to Know: Independent Foreclosure Review," *available at* http://www.federalreserve.gov/consumerinfo/independent-foreclosure-review.htm (last accessed December 26, 2013) (stating that to be eligible for Independent
(continued...)

independent basis for jurisdiction.

Finally, Section 1367(a) does not serve as a basis for federal jurisdiction in this case, as Defendants contend. *See* Defendants' Response [Doc. # 11], ¶ 7. Under Section 1367(a), federal district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction" of the court, even when those claims, on their own merits, would not fall within the Court's original jurisdiction. 28 U.S.C. § 1367(a). For supplemental jurisdiction to attach to a state law claim, the Court first needs original jurisdiction over another claim properly brought to the federal court under federal law. *See Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 222 (5th Cir. 2012) ("Without original jurisdiction on the federal claim, the court cannot assert jurisdiction over state-law claims, even if those claims derive from a common nucleus of operative facts."). Because the Court does not have federal question jurisdiction here, it cannot have supplemental jurisdiction over any of Scarlott's state law claims.

C.  **Diversity Jurisdiction**

Defendants argue that AVT was improperly joined to the lawsuit, and that

---

[5](...continued)
Foreclosure Review, the mortgage must have been in the foreclosure process any time between January 1, 2009 and December 31, 2010).

diversity of citizenship exists between the parties once AVT is excluded. Defendants contend that Scarlott makes "no factual allegations regarding AVT Title," and thus it is "impossible to ascertain . . . what AVT Title allegedly did wrong or even how it is connected to the acts and occurrences made the basis of Plaintiff's action." Defendants' Response [Doc. # 11], ¶ 17.

In her Complaint, Scarlott asserts claims against all "Defendants" generally under Texas state law for improperly initiating foreclosure proceedings against the Property, trespass to try title, suit to quiet title, fraud, and breach of fiduciary duty. Scarlott's factual allegations do not distinguish among Defendants. In her Response to AVT's Motion to Dismiss, however, Scarlott clarifies that her claims of fraud and trespass to title are asserted, at least in part, against AVT. *See* Plaintiff's Response [Doc. # 15], ¶¶ 16-17.

The Court agrees with Defendants that AVT was improperly joined. AVT allegedly insured title to the Property at the time Scarlott bought the Property in 1999. Scarlott alleges no other facts about AVT in her Complaint or in any of her subsequent filings. Even liberally construed, all of Scarlott's claims concern events or actions taken many years *after* that date. Many of Scarlott's claims relate to Ocwen and Deutsche Bank's allegedly improper efforts to foreclose, claims that in no way relate to AVT as title insurer. Similarly, Scarlott's tresspass to try title and suit to quiet title

claim(s), Complaint, ¶¶ 56-61, are based on Scarlott's assertion that a later transferee of a note cannot enforce that note without establishing an "unbroken chain of title," *id.*, ¶ 60. With regard to her fraud claim, Scarlott alleges that records from Harris County, Texas, show assignments of her deed of trust in 2005 and 2010, years after she closed on the Property. *Id.*, ¶¶ 65-66. Finally, Scarlott's breach of fiduciary duty claim is based on alleged duties that she was owed with regard to "documents appointing Substitute Trustees." *Id.*, ¶ 75.[6] In short, AVT's relationship with Scarlott was confined to a period around the time Scarlott closed on the Property in 1999, years before the events alleged in Scarlott's current claims. Accordingly, Scarlott cannot possibly recover against AVT on any of the theories alleged.

AVT was therefore improperly joined as a Defendant in this case. Because there is complete diversity between Scarlott, Ocwen, and Deutsche Bank, and because Scarlott does not contest that the amount in controversy here exceeds $75,000, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, the Court denies Scarlott's Motion to Remand. For the same reason, the Court grants Defendant AVT's Motion to Dismiss, as Scarlott has asserted no claim against AVT on the basis

---

[6]The Court also notes that Scarlott has specifically disclaimed any cause of action against AVT in its capacity as a "substitute trustee." *See* Plaintiff's Response [Doc. # 15], ¶¶ 8-12.

of which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff April Scarlott's Motion to Remand [Doc. # 8] is **DENIED**.  It is further

**ORDERED** that Defendant AVT Title Services, LLC's Motion to Dismiss [Doc. # 14] is **GRANTED**.  It is further

**ORDERED** that Scarlott must file an amended complaint by **January 24, 2014**.  In her amended complaint, Scarlott must clarify the facts, legal theories, and causes of action applicable to each remaining Defendant.  The Court requires this amended complaint in order to ascertain whether plaintiff can state a claim on which relief can be granted as to the remaining Defendants.  It is further

**ORDERED** that Defendants Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company, as Trustee, in trust for registered holders of ABFC 2005-AQ1 Trust, Asset-Backed Certificates, Series 2005-AQ1's Motion to Dismiss [Doc. # 5] is **DENIED WITHOUT PREJUDICE** in light of the Court's order requiring Scarlott to file an amended complaint.

SIGNED at Houston, Texas, this **10**th day of **January, 2014**.

Nancy F. Atlas
United States District Judge