IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APRIL SCARLOTT, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2742 |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| *et al.*, | § | |
| Defendants. | § | |

## <u>MEMORANDUM AND ORDER</u>

This foreclosure case is before the Court on the Motion to Reinstate and Dismiss with Prejudice [Doc. # 30] ("Motion") of Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company, as Trustee, in trust for registered holders of ABFC 2005-AQ1 Trust, Asset-Backed Certificates, Series 2005-AQ1 ("Deutsche Bank," and together with Ocwen, "Defendants"). Plaintiff April Scarlott ("Scarlott" or "Plaintiff") has responded [Doc. # 32] and Defendants have replied [Doc. # 33]. Having considered the parties' briefing and the applicable legal authorities, the Court **denies** Defendants' Motion. The Court, however, modifies its previous Order [Doc. # 29] to impose certain conditions on Plaintiff should she sue Defendants again on the same set of operative facts.

## I.   **PROCEDURAL BACKGROUND**

On January 10, 2014, the Court issued a Memorandum and Order dismissing Plaintiff's claims against Defendant AVT Title Services, LLC and ordering Plaintiff to file an amended complaint to "clarify the facts, legal theories, and causes of action applicable to each remaining Defendant" so that the Court could "ascertain whether Plaintiff can state a claim on which relief can be granted."  Memorandum and Order [Doc. # 18], at 14.  Plaintiff filed an Amended Complaint [Doc. # 19] on January 24, 2014.  Five days later, Defendants moved to dismiss that Complaint for failure to state a claim [Doc. # 21].  On March 5, 2014, instead of responding to Defendants' motion to dismiss (after being granted an extension of time), Plaintiff moved to voluntarily dismiss her claims against Defendants without prejudice [Doc. # 28].  Plaintiff did not indicate, as required by the Local Rules of the Southern District of Texas, *see* S.D. TEX. R. 7.1.D, that her motion was opposed by Defendants.  The Court granted Plaintiff's motion and dismissed the case without prejudice [Doc. # 29].  Defendants now ask the Court to reinstate the case and dismiss the action with prejudice.

## II.   <u>LEGAL STANDARD</u>

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment.[1] FED. R. CIV. P. 59(e).   Reconsideration of a judgment is an "extraordinary remedy," and Rule 59(e) serves a "narrow purpose" of allowing a party to bring errors or newly discovered evidence to the Court's attention. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).   A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)).   A Rule 59(e) motion "cannot be used to argue a case under a new legal theory." *Id.* (citing *Ross*, 426 F.3d at 763).   A Rule 59(e) motion is also not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 478-79.   Moreover, "an unexcused failure to present evidence available at the time

---

[1]      Because Defendants' filed their Motion the same day as the Court's order dismissing the case without prejudice, the Court treats the Motion as one for reconsideration of that order under Rule 59(e), which "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).

of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)).

## III.   ANALYSIS

As noted, the Court construes Defendants' Motion as a motion to reconsider its prior Order [Doc. # 29] granting Plaintiff's Motion to Dismiss and dismissing Plaintiff's claims without prejudice.   Defendants assert two arguments on why Plaintiff's claims should be dismissed with prejudice.   First, Defendants argue that this is Scarlott's second suit based on the same set of operative facts that she has voluntarily dismissed, and that under Rule 41 of the Federal Rules of Civil Procedure her second notice of dismissal "operates as an adjudication on the merits."   Motion, ¶¶ 1, 4.   Second, Defendants contend that even if Rule 41's "two-dismissal" provision technically does not apply under present circumstances, the Court in its discretion should dismiss the case with prejudice.   Reply, ¶ 1.   The Court addresses each argument in turn.

### A.   "Two Dismissal" Rule

Rule 41 provides two methods by which a plaintiff may voluntarily dismiss an action.   First, "[a] plaintiff may dismiss an action without court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for

summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). "[T]he effect of a Rule 41(a)(1) dismissal is to put the plaintiff in a legal position as if he had never brought the first suit. The plaintiff suffers no impairment beyond his fee for filing." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013) (quoting *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 (5th Cir. 2005)). A voluntary dismissal without court order is presumed to be without prejudice unless the notice of dismissal states otherwise. FED. R. CIV. P. 41(a)(1)(B). If, however, "the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." *Id.*

Second, if a case does not fit the circumstances of Rule 41(a)(1), "[it] may be dismissed at the plaintiff's request only by court order." FED. R. CIV. P. 41(a)(2). The Fifth Circuit has stated that "[t]he primary purpose of rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). A dismissal under Rule 41(a)(2) is normally without prejudice, unless the court states otherwise. FED. R. CIV. P. 41(a)(2).

Rule 41(a)(1)'s "two dismissal rule"—that is, that a second voluntary dismissal without court order acts as a "adjudication on the merits"—does not apply to

dismissals made under Rule 41(a)(2).  *American Cyanamid Co. v. McGhee*, 317 F.2d

295, 298 (5th Cir. 1963) ("We can read no two dismissal rule into Rule 41(a)(2).");[2]

*see also, e.g.*, *ASX Investment Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999)

("There is no two dismissal rule set out in Rule 41(a)(2) and we see no basis for

reading the two dismissal rule to apply where the first dismissal is achieved by

motion and order of the court.");  *Manning v. S.C. Dep't of Highway and Public*

*Transp.*, 914 F.2d 44, 47 n.3 (4th Cir. 1990) (citing 9 C. WRIGHT & A. MILLER,

FEDERAL PRACTICE & PROCEDURE § 2368, at 188 (1971)) ("The two dismissal rule

applies when the second dismissal is by notice, but not when the defendant is

dismissed by motion or by stipulation.");  *Sutton Place Dev. Co. v. Abacus Mortg. Inv.*

*Co.*, 826 F.2d 637, 640 (7th Cir. 1987) ("[The two dismissal rule] does not apply to

a dismissal by stipulation nor to an involuntary dismissal nor to dismissal by court

order under Rule 41(a)(2).").  Unlike Rule 41(a)(1), Rule 41(a)(2) permits a court to

order dismissal "on terms that the court considers proper."  FED. R. CIV. P. 41(a)(2);

*see American Cyanamid*, 317 F.2d at 298.  There are no "automatic consequences"

for dismissals under Rule 41(a)(2) that warrant application of the two dismissal rule

to voluntary dismissals made by motion and court order.  *Id.*

---

[2]      While Rule 41 has been amended  slightly since *American Cyanamid*, the substance
of the rule is unchanged.

Scarlott moved for dismissal without prejudice on March 5, 2014, and the Court granted the motion the following day.[3]  Because dismissal of this case occurred as a result of a motion and court order under Rule 41(a)(2), and not by the Plaintiff's unilateral notice, the two dismissal rule of Rule 41(a)(1)(B) is not implicated.  Thus, the Court declines to dismiss this case with prejudice pursuant to Rule 41(a)(1)(B).

### B.   **Alternative Argument**

Defendants also ask the Court to use its discretion to dismiss Scarlott's claims with prejudice.  Defendants argue that Scarlott's "only motivation in bringing both the state court lawsuit and this lawsuit is delay," noting that Scarlott has not paid her mortgage in more than three years.  Reply, ¶ 3.  Defendants also note that Scarlott "has provided no explanation of the need to dismiss her case."  *Id.*, ¶ 4.

### 1.   **Various Lawsuits and Allegations**

On September 30, 2011, Scarlott sued Deutsche Bank and American Home Mortgage Servicing, Inc. (collectively, the "State Court Defendants") in Texas state court, to prevent those parties from foreclosing on her property located at 4738 Caverm Dr., Friendswood, Texas, 77546 (the "Property").  *See* Original State Court Petition [Doc. # 30-1], at 2.  In that lawsuit, Scarlott asserted that the State Court Defendants lacked standing to foreclose, that the loan on the Property was never

---

[3]      The Court erroneously believed the requested dismissal was unopposed.

"perfected," that Scarlott was not in default, and that the State Court Defendants

violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et*

*seq.*, and sought a declaratory judgment that she owned the Property and that the State

Court Defendants had no standing to foreclose.  *See generally* Original State Court

Petition, at 5-12.  On March 1, 2013, after the State Court Defendants filed a motion

for summary judgment, Scarlott voluntarily dismissed that suit without prejudice by

notice of dismissal.  *See* Plaintiff's Notice of Non-Suit Without Prejudice [Doc. # 30-

2]; Motion, at 2.

Scarlott filed this action on August 30, 2013, in the 11th Judicial District Court

of Harris County, Texas.  Defendants removed the case to this Court on September

18, 2013.  On January 10, 2014, the Court issued a Memorandum and Order denying

Scarlott's Motion to Remand and granting former Defendant AVT Title Services

LLC's Motion to Dismiss.  The Court also denied Defendants' Motion to Dismiss

without prejudice and ordered Scarlott to file an amended complaint "in order to

ascertain whether Plaintiff can state a claim on which relief can be granted as to the

remaining Defendants."  Memorandum and Order [Doc. # 18], at 14.

In her First Amended Complaint [Doc. # 19], Scarlott asserts five causes of

action against Defendants.  First, Scarlott contends that Defendants lack standing to

foreclose on the Property because the note was improperly assigned to them and

Defendants are not holders in due course.  First Amended Complaint, ¶ 45.  Scarlott

seeks a declaratory judgment that Defendants do not have the right to foreclose, that

the note underlying her mortgage "has been discharged and paid in fill," and that the

note and deed of trust "have been separated or bifurcated."  *Id.*, ¶ 50.  Second,

Scarlott asserts a cause of action "for trespass to try title and to remove cloud on title"

on the grounds that "a party who is not the original lender must prove successive

transfers of possession and endorsement" of a note in order to enforce the note as its

holder. *Id.*, ¶¶ 52-55.  Third, Scarlott asserts claims of fraud and fraud in real estate,

alleging that the assignment to Defendants was assigned after "the cutoff date for the

transfer of all such instruments to the [t]rust pursuant to the Pooling and Servicing

Agreement." *Id.*, ¶ 57, 62.  Fourth, Scarlott claims the Defendants violated the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by threatening

to foreclose when they had no standing to do so.  *Id.*, ¶¶ 66-67.

### 2.    Rule 41(a)(2)

The Fifth Circuit has stated that "motions for voluntary dismissal should be

freely granted unless the non-moving party will suffer some plain legal prejudice . . ."

*Elbaor*, 279 F.3d at 317.  Legal prejudice typically occurs "when a party proposes to

dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent

adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In*

*re FEMA Trailer Formaldehyde Products Liability Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). "The primary purpose of this rule is to avoid voluntary dismissals which unfairly affect the other side." *Harris v. Devon Energy Prod. Co.*, 500 F. App'x 267, 268 (5th Cir. 2012) (internal quotations omitted).

The "mere prospect of a second lawsuit" is an insufficient reason to deny a motion for voluntary dismissal. *Elbaor*, 279 F.3d at 317. The dismissal here raises the prospect of a third, not merely a second, lawsuit. Nevertheless, the principle of avoidance of another lawsuit does not support the Court denying Scarlott's motion to dismiss or dismissing the case with prejudice. *See, e.g., 404 Bay Valley Family Land Trust v. Hughes Watters Askanase, LLP*, 2014 WL 772953, at *4 (N.D.. Tex. Feb. 27, 2014) (granting motion to voluntarily dismiss foreclosure case and concluding that "plain legal prejudice" does not result from possibility that plaintiff may file a new suit); *Villanueva v. Wells Fargo Bank, N.A.*, 2013 WL 1148643, at *3 (N.D. Tex. Mar. 5, 2013) (holding, in foreclosure context, that "Defendant's contention that the prospect of incurring more fees to defend a new [lawsuit] cannot support a finding of plain legal prejudice").

This case does not fall neatly into the Fifth Circuit's narrow definition of "legal prejudice." The case was pending in this Court for only six months before Scarlott moved to dismiss, and thus was not at a "late stage of trial proceedings." Similarly,

the Court cannot conclude as a matter of law that Defendants' Second Motion to Dismiss, pending at the time Scarlott moved to dismiss, would have generated a "imminent adverse ruling."  This case is unlike other appellate and district court decisions where, for example, a motion for summary judgment or magistrate's recommendation to dismiss the case was pending that was likely to result in dismissal of the case.  *See, e.g.*, *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991).  Furthermore, it does not appear that the parties have conducted significant discovery in this case.  *See United States ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (affirming denial of plaintiff's motion to voluntarily dismiss because parties had conducted significant discovery and had filed many motions as a result).

On the other hand, certain factors unique to this case distinguish it from previous cases where plaintiffs successfully moved for voluntary dismissal without prejudice under Rule 41(a)(2).  In *Elbaor*, the plaintiff sought relief for past allegedly wrongful conduct by the defendants.  Here, in contrast, the sole purpose of Scarlott filing this case is to delay Defendants' efforts to foreclose under the deed of trust on her Property.  Plaintiff has filed two cases and at least three different complaints asserting claims concerning the Property, all to avoid foreclosure.  She has been living in the Property for more than three years without making mortgage payments.

Plaintiff also has failed to explain why she desires dismissal of this action.  *See Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998) (listing plaintiff's "insufficient explanation of the need to take a dismissal" as a factor to consider in denying a Rule 41(a)(2) motion for voluntary dismissal).  Furthermore, it appears (although the Court does not definitively rule) that many of Scarlott's claims are barred or undercut by recent Fifth Circuit precedent.[4]  *See, e.g.*, *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (fraud claims); *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225-29 (5th Cir. 2013) (standing to foreclose and fraud claims); *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722-23 (5th Cir. 2013) (FDCPA claim); *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 252-56 (5th Cir. 2013) (standing to foreclose claim); *see also Singha v. BAC Home Loans Servicing, L.P.*, __ F. App'x __, 2014 WL 1492301, at *5-6 (5th Cir. Apr. 17, 2014) (trespass to try title claim).

Because the Fifth Circuit has determined that Rule 41(a)(2) motions for voluntary dismissal should be "freely granted" absent certain limited circumstances, the Court reaffirms its prior Order [Doc. # 29] granting dismissal without prejudice and denies Defendant's Motion.  In order to mitigate any potential prejudice to

---

[4]     It is noted that Scarlott's counsel has filed similar suits in or removed to this district and is undoubtedly familiar with this area of the law.

Defendants that might result from this ruling, however, the Court imposes the following conditions and issues the following warnings.  *See* FED. R. CIV. P. 41(a)(2) (allowing a court to order dismissal "on the terms the court considers proper").  If Scarlott files another case in federal court based generally on the same set of operative facts, or if she files that case in state court and the case is subsequently removed to federal court, the parties must designate the new case a "related case" to the instant action.  The new action will be assigned to this Court.  Moreover, Plaintiff must strictly adhere in any new complaint to the requirements of Rule 11 of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 11(b) (stating that a pleading filed by an attorney must "not be presented for any improper purpose," that the claims presented are "warranted by existing law or by a nonfrivolous argument," and that "the factual contentions have evidentiary support").  Finally, to the extent that the related new case is dismissed on the merits, the Court will assess against Plaintiff reasonable attorney's fees incurred by Defendants if warranted under applicable law.

## IV.   CONCLUSION AND ORDER

For the reasons stated. it is hereby

**ORDERED** that Defendants Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company, as Trustee, in trust for registered holders of ABFC 2005-AQ1 Trust, Asset-Backed Certificates, Series 2005-AQ1's Motion to Reinstate and

Dismiss with Prejudice [Doc. # 30] is **DENIED**.  It is further

      **ORDERED** that the Court's Order [Doc. # 29] dismissing the case without prejudice is **MODIFIED** to add the condition that should Plaintiff file another action in federal court based generally on the same set of operative facts alleged in this case, or should Plaintiff commence such an action in state court and that action is subsequently removed to federal court, the parties must designate the new case a "related case" to the instant action and will be assigned to this Court.

      SIGNED at Houston, Texas, this  6th  day of **May, 2014**.

Nancy F. Atlas
United States District Judge